**FINLEY et al. v. COE, Com'r of Patents.**

No. 6292.

United States Court of Appeals for the District of Columbia.

Argued March 4, 1935.

Decided April 8, 1935.

Joseph W. Milburn, of Washington, D. C., for appellants.

T. A. Hostetler, Solicitor of Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellants' bill, filed under the provisions of section 4915, R. S., as amended (35 USCA § 63), seeking to authorize the Commissioner of Patents to issue a shingle design patent to appellant Paraffine Companies, the assignee of the alleged inventor, appellant Finley.

The shingle is rectangular in shape, the lower edge forming a reverse curve, with the concave portion of the curve in the center and the convex portions at the ends. The side ends of the shingle are formed by straight parallel lines. A tab is formed at one lower corner of the shingle, and a notch is formed at the opposite lower corner. When these shingles are laid, with the tab of one shingle interlocking with the notch of an adjacent shingle, the adjacent convex curve portions will meet and produce a continuous convex curve.

We here reproduce appellants' drawing of the shingle:

The examiner rejected the claim as substantially met by appellant Finley's mechanical patent No. 1,604,745. We here reproduce fig. 4 of that patent:

The Board of Appeals sustained the primary examiner; thereupon this suit was instituted.

The functional parts of the reference shingle contribute nothing to the design. Martin Copeland Co. v. Pilot Electric Co. (C. C. A.) 32 F.(2d) 235; Ashley v. Weeks-Numan Co., 220 F. 899, 136 C. C. A. 465; In re Mygatt, 39 App. D. C. 432.

We here reproduce from appellants' brief in the Patent Office a drawing showing the appearance of the shingles of the reference when laid:

Also a drawing illustrating the shingle of the issue when laid:

The authority for the issuance of a design patent is found in section 4929, R. S., as amended (35 USCA § 73), which provides that "any person who has invented any *new, original, and ornamental* design for an article of manufacture," not known or used by others in this country before his invention thereof, etc., may obtain a patent therefor. (Italics ours.) Design patents, therefore, require as high a degree of the inventive or original faculty as mechanical patents. Knapp v. Will & Baumer Co. (C. C. A.) 273 F. 380; Smith v. Whitman Saddle Company, 148 U. S. 674, 679, 13 S. Ct. 768, 37 L. Ed. 606.

Appellants contend that to modify the lower edge of the shingle shown in the Finley mechanical patent by using a reverse curve instead of a simple curve involves invention. To meet this contention the Patent Office tribunals cited the patent to Sherriff, No. 1,701,640, which discloses a reverse curve on the lower edge of the same type of shingle. We agree with the Patent Office and the court below that the use in the shingle of the application of the reverse curve disclosed in the Sherriff patent instead of the single curve disclosed in the Finley mechanical patent was not the exercise of originality and, therefore, did not involve invention. In Re Sherman, 35 App. D. C. 100, involving an application for a design patent, we said: "While in a close case utility may be given some consideration, the real question is whether there is such originality shown as to call for the exercise of the inventive faculty."

The decree is affirmed.

Affirmed.